JAMES P. STUART AND YVONNE H. STUART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stuart v. Commissioner
Docket No. 40975-85.
United States Tax Court
T.C. Memo 1987-386; 1987 Tax Ct. Memo LEXIS 567; 54 T.C.M. (CCH) 70; T.C.M. (RIA) 87386; August 6, 1987. James P. Stuart and Yvonne H. Stuart, pro se. Steven Mopsick, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code *568 of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1982 in the amount of $ 6,437.00. After concessions by the parties, the remaining issues for our determination are: (1) whether petitioners are entitled to a deduction of $ 1,430.00 for legal and income tax expenses, and (2) whether petitioners are entitled to a deduction of $ 1,780.00 for expenses relating to the storage of records. Petitioners resided in Santa Rosa, California at the time they filed their petition. Petitioners filed a joint U.S. Individual Income Tax Return for 1982. For clarity, we will combine the specific findings of fact and opinion for each issue discussed below.
Legal And Income Tax Expenses.
On their joint Federal income tax *569 return for 1982, petitioners claimed a miscellaneous personal itemized deduction of $ 7,847.12 for legal and income tax expenses and income producing expenses. Included in this amount was $ 1,430.00 representing petitioner Yvonne H. Stuart's (Yvonne) "lost wages" for the preparation and trial of petitioners' individual income tax case before this Court in San Francisco, California in January 1982. Petitioners argue that Yvonne, a civil service employee, was required to take annual leave in order to appear before the Tax Court to prosecute their case, to type various legal papers, and to take notes during the trial. Petitioners argue that because Yvonne was required to take annual leave, she used her vacation leave, thereby suffering a loss or incurring an expense. Section 212(3) provides a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in connection with the determination of any tax. See sec. 1.212-1(l), Income Tax Regs. From the record, it is clear that petitioner Yvonne was not paid for any services she rendered in connection with petitioners' own Tax Court litigation, nor did she incur any expense by taking annual leave. The common *570 meaning of the word incur is "to become liable or subject to; bring down upon oneself". See Webster's Ninth New Collegiate Dictionary 611 (1985). In representing herself, petitioner Yvonne did not become liable to another person for expenses, nor did she bring down upon herself any debt. Therefore, respondent properly disallowed the claimed deduction. [2]
Expenses In Connection With Storage Of Records.
Also included in the $ 7,847.12 miscellaneous personal itemized deduction claimed for legal and income tax expenses and income-producing expenses was an amount of $ 3,000.00 representing the cost of storing records in their personal residence. During 1982 petitioners resided at 343 Valley Oaks Drive, Santa Rosa, California, in a 1,200 square foot condominium. Petitioners used approximately one-half of the space in their condominium for storage of documents generated in numerous lawsuits commenced by petitioners from the early 1960's to the present. The litigation initiated by petitioners was in California state courts, the United States District Court for the Northern District of California, the United *571 States Bankruptcy Court for the Northern District of California, and the United States Tax Court. The subject matter of these suits included wrongful levy and wrongful lien suits, redetermination of petitioners' individual Federal income taxes, petitioners' personal bankruptcy, and contract enforcement for real estate sales commissions. Petitioners calculated their deduction by multiplying the estimated fair market rental value of the storage space of $ 250.00 per month by 12 months ($ 250.00 x 12 = $ 3,000.00). Respondent, in his notice of deficiency, disallowed the claimed deduction in full. Respondent, however, at trial conceded that petitioners were entitled to a deduction of $ 1,220.00 [3] so that $ 1,780.00 remains in controversy. Petitioners have the burden of proving *572 that they are entitled to a deduction in an amount greater than that allowed by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners' testimony regarding the nature of the subject matter and the outcome of the numerous lawsuits instituted over approximately 20 years, other than those in this Court, is vague. Further, there was no showing that any of these lawsuits were related to the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. Sec. 212(1) and (2). In our opinion, respondent's allowance of a deduction in the amount of $ 1,220.00 for 1982 is quite generous and probably more than this Court would allow based on the record before us. Based on the foregoing, respondent's disallowance of this deduction is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references to the Internal Revenue Code of 1954, as in effect in the year in issue, unless otherwise indicated, and all Rule references are to the Tax Court Rules Rules of Practice and Procedure unless otherwise indicated. ↩
2. See Kincheloe v. Commissioner,T.C. Memo 1980-527↩.
3. Respondent's allowance is computed as follows: ↩
Depreciable basis of
petitioners' condominium
$46,000.00
Estimated useful use
25 years
Annual depreciation
$ 1,840.00
1982 percentage of space used
for storage
50 percent
1982 depreciation deduction
$   920.00
Add: Utility $ 25.00 x 12 months
300.00
Deduction allowed
$ 1,220.00